IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ANDREW SPRINGMEYER,           )
                              )
          Plaintiff,          )   2:09-cv-00924-GEB-DAD
                              )
     v.                       )   ORDER*
                              )
RAJ MANJIV,                   )
                              )
                              )
          Defendant.          )
_____)
```

        On August 21, 2009, Plaintiff filed a motion for reconsideration of the Order filed August 12, 2009, in which Defendant Manjiv Raj's motion to amend his Answer was granted and Plaintiff's motion for judgment on the pleadings was denied.

        Plaintiff argues reconsideration is required because when the Court denied his motion, it improperly looked beyond the pleadings. Since the August 12 Order does not clearly state the basis on which Plaintiff's motion for judgment on the pleading was denied, that Order is reconsidered herein.

        Defendant Manjiv Raj denied any intention to discriminate against Plaintiff. However, Plaintiff alleges in paragraph 48 of his Complaint that because of Defendant Manjiv Raj's failure to provide Plaintiff "proper accessible public facilities, Plaintiff . . . was

---

    *    This matter was determined to be suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

denied his civil rights, <u>including</u> his right to full and equal access to public facilities, was embarrassed and humiliated, suffered physical, psychological and mental injuries and emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, charge, disappointment and worry, expectedly and naturally associated with a person with a physical disability being denied access to a public accommodation." (emphasis added). A Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings can be resolved in movant's favor when the nonmovant's denial "does not create a question of material fact precluding judgment on the pleadings." <u>General Conference Corp. v. Seventh-Day Adventist Church</u>, 887 F.2d 228, 231 (9th Cir.1989).

Since Defendant Manjiv Raj denied any intention to discriminate against Plaintiff, and the scope of Plaintiff's civil rights claims are unclear, Defendant Manjiv Raj's Answer creates questions of material fact precluding judgment on the pleadings. Therefore, Plaintiff's motion is denied.

Further, Plaintiff's arguments against granting Defendant's motion to amend his Answer fail to sustain Plaintiff's "burden of showing [he would be] prejudice[d]" or any other factor considered when deciding whether to grant amendment under Rule 15. <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 187 (9th Cir. 1987). Therefore, Defendant's motion to amend his Answer is granted nunc pro tunc as stated in the August 12 Order.

Dated: September 22, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

2