Jeffery A. Briggs, Esq.
State Bar No. 211227
1755 East Plumb Lane, Suite 107
Reno, NV 89502
(775) 786-1555
(775) 786-5228 (fax)
jeff@jabriggslaw.com
Attorney for Plaintiff, Andrew Springmeyer

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SPRINGMEYER, | ) Case No. 2:09-CV-00924-GEB-DAD |
| Plaintiff, | ) |
| v. | ) |
| RAJ MANJIV, an individual, WONG NGON FON TRUSTEE et al., WONG NGON FON 1997 FAMILY LTD PARTNERSHIP, and DOES ONE through FIFTY, inclusive, | ) MOTION FOR ATTORNEY'S FEES PURUSANT TO FINAL JUDGMENT |
| Defendants. | ) |

COMES NOW, Plaintiff's counsel, in the above-entitled action, and hereby moves this Honorable Court for an award of attorney's fees. This Motion is based on the pleadings and papers on file herein, Civ. Code Sec. 52(a), 42 U.S.C. § 12205, and the attached points and authorities.

Dated:        February 16, 2010          /s/ Jeffery A. Briggs_____
                                          Jeffery A. Briggs,

///

///

///

///

MOTION FOR ATTORNEY'S FEES PURSUANT TO FINAL JUDGMENT                        1

## **INTRODUCTION**

On January 14, 2010, the Clerk of this Honorable Court entered final judgment based upon Plaintiff's Acceptance of Defendants' Offer of Judgment dated.  Docs. #52 and #49.  As such, Plaintiff Andrew Springmeyer ("Springmeyer") has materially altered the relationship between the parties in a judicially sanctioned manner, thereby making the Plaintiff the "prevailing party" as defined in the context of Title III of the Americans with Disabilities Act of 1990 and the California Civil Code.  As the "prevailing party," Andrew Springmeyer is entitled to reasonable attorney's fees, litigation expenses and costs associated with prosecuting this matter.   Therefore, pursuant to Local Rule 54-16(b),  Plaintiff's counsel hereby submits the following Motion for Attorney's Fees, Litigation Expenses and Costs.

Plaintiff seeks these fees and costs under the Americans with Disabilities Act ("ADA"), a federal civil rights statute that seeks to encourage attorneys to handle civil rights and public interest litigation on a contingency bases, and provides for payment for the value of their services, but only if a plaintiff prevails.  This is especially important under Title III of the Americans with Disabilities Act of 1990 because no damages are available under Title III of the ADA, only injunctive relief. Therefore, part of the statute's enforcement "teeth" is the possibility of being required to pay a disabled plaintiff's attorney's fees in addition to any injunctive relief obtained.

This motion is directed at determining the entitlement to and amount of reasonable attorney fees, litigation expenses and costs incurred by Plaintiff's counsel in handling this litigation and obtaining the objective of injunctive relief to the benefit both the Plaintiff, Andrew Springmeyer, a wheelchair mobile person with disabilities, and other disabled members of the public.  As a result of this litigation, numerous specific access improvements for persons with disabilities were obtained.

///

///

## POINTS AND AUTHORITIES

The ADA provides that "[i]n any action or … proceeding commenced to this chapter, the court… in its discretion, may allow the prevailing party…a reasonable attorney's fee, including litigation expenses, and costs…" 42 U.S.C.  § 12205.   A party prevails for purposes of permitting an award of attorney's fees in an ADA context when a material alteration of the legal relationship between the parties occurs, which benefits the plaintiff. *Fisher v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118-1119 (9th Cir. 2000).

In this matter, there is no doubt that Andrew Springmeyer was the "prevailing party."  On November 9, 2009, Plaintiff's Acceptance of Offer of Defendants' Offer of Judgment was filed that required Defendants remediate <u>all</u> barrier to access identified by the parties' joint expert within one (1) year of Entry of Judgment. Docs. #49.  Thus, as a matter of law, Plaintiff was entitled to an award of attorney's fees, litigation expenses and costs pursuant to 42 U.S.C.  § 12205 and Civ. Code sec. 52(a).

When a plaintiff is entitled to file a motion for attorney's fees, the party must comply with Local Rule 54-293 when moving this Court for said fees. Final judgment was entered by the clerk on the accepted offer of judgment on January 14, 2010; this motion is timely pursuant to subsection (a). LR 54-16(c) provides that the following factors must be discussed:

1)  The time and labor required of the attorney(s);

2)  The novelty and difficulty of the questions involved;

3)  The skill requisite to perform the legal service properly;

4)  The preclusion of other employment by the attorney due to acceptance of the case;

5)  The customary fee charged in matters of the type involved;

6)  Whether the fee contracted between the attorney and the client is fixed or contingent;

7) Any time limitations imposed by the client or the circumstances;

8) The amount of money, or the value of the rights involved, and the results obtained;

9) The experience, reputation, and ability of the attorney(s);

10) The "undesirability" of the action;

11) The nature and length of the professional relationship with the client;

12) Awards in similar cases;

13) Such other matters as the Court may deem appropriate under the circumstances.

Plaintiff's counsel discusses each of these factors *infra*.

## 1. **THE TIME AND LABOR REQUIRED**.

Plaintiff's counsel has performed substantial labor requiring a great deal to time in order to litigate this matter and seeks $41,813.73 in attorney's fees and $63.35 in litigation expenses and costs necessarily incurred to prosecute this matter. Exhibit "B," History Bill for Professional Services. The time and labor required by Plaintiff's attorney to litigate this matter was increased by Defendants' conduct through litigation, as well as Defendants' inclination to decline to engage in any legitimate settlement discussions which potentially could have resolved this matter at an early stage.

As such, this lawsuit, and the time and labor incurred in prosecuting this matter were both reasonable and necessary. As this litigation was necessary and brought about substantial changes to the facility for both Mr. Springmeyer and other persons with disabilities, particularly as Defendants also admitted, in their discovery responses, that it was "readily achievable" from January 26, 1992, onward, to bring their facility into compliance with the new construction standards of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), Plaintiff should receive all fees and costs incurred by counsel.

The time expended by Plaintiff's attorney here was carefully noted on detailed time records

provided for in Exhibit "B" to this Motion, and Plaintiff's attorney respectfully contends that he is entitled to be fully compensated for all the work he has performed.


## 2. THE NOVELTY AND DIFFICULTY OF THE QUESTIONS PRESENTED.

This was not a novel ADA matter, it was not unlike any other matter Plaintiff's counsel has dealt with regarding the ADA, construction litigation, or real estate litigation over the past thirteen (13) years.

The novelty of this matter came from the numerous motions, oppositions, replies and discussions with representatives of the Defendants that took place throughout the litigation.


## 3. THE SKILL REQUISITE TO PERFORM THE LEGAL SERVICE PROPERLY.

Litigation pursuant to the Americans with Disabilities Act is an often evolving area of the law. A certain amount of requisite skill is required to properly perform this service and obtain access for disabled individuals. Under Title III of the Americans with Disabilities Act, there are several different accessibility standards, which could apply to a public accommodation. There are the strict Americans with Disabilities Act ("ADAAG") standards for new construction, the "alterations" standards, as well as the "readily achievable" standards. *See*, generally, 28 CFR Part 36.

In order to be an effective practitioner, one must be familiar with all of these standards and intelligently articulate to defendants their obligations to provide access. In addition, there are several alternative concepts which may apply in certain situations such as understanding of construction law and real property law.

Properties listed as a historical landmark have yet another standard for accessibility and under the readily achievable standard there exists the possibility of "equivalent facilitation." Id. Pertinent issues also exist as to the question of "dimensional intolerance" in construction standards, as well as

the frequent changes in the ADA legal landscape by various United States District Courts, the United States Court of Appeals for the Ninth Circuit and United States Supreme Court, and it becomes clear this is an area of law that requires a specialist.  Because of these reasons, there are only a handful of well qualified attorneys taking these cases in California.  While counsel acknowledges that there obviously is a problem, as the case law in this and other districts show, with counsel who are not competent to truly handle an ADA matter from filing the complaint through a jury trial.

As discussed *infra*, the undersigned has handled construction litigation and real property litigation matters in Nevada since 1996.  Counsel has filed approximately ten (10) ADA matters for the disabled community over the last year, resolving the great majority without the need to go to trial or perform much discovery. Counsel has also been published as the prevailing counsel in the matter of *Barney v. Mt. Rose Heating & Air* Conditioning, 192 P.3d 730, Nev. 2008. The results obtained in the ADA matters speak for themselves and demonstrate that Plaintiff's counsel possesses the necessary legal skills to provide proper services to Mr. Springmeyer and other persons with disabilities.

## 4.  THE PRECLUSION OF OTHER EMPLOYMENT BY THE ATTORNEY DUE TO ACCEPTANCE OF THE CASE.

This matter was initiated on April 3, 2009 and Final Judgment was entered on January 14, 2010.  Docs. #1 and #52.  While Plaintiff's counsel likely could have been engaged in other matters in lieu of litigating the case at bar, the undersigned concedes that he was not precluded from accepting other employment due to this matter.

## 5.  THE CUSTOMARY FEE CHARGED IN MATTERS OF THE TYPE INVOLVED.

A district court should calculate the reasonable hourly rate per the prevailing market rates in

the relevant community, which generally is the community where the district sits.   *Schwarz v. Secretary of Health and Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).   The court must determine a reasonable hourly rate by considering the skill, experience and reputation of the attorney seeking fees.   *Id.*

Regarding the issues of the reasonableness of Plaintiff's respectfully requested hourly rate of three hundred fifty dollars an hour ($350.00), as well as the factors of the undersigned's reputation, experience and ability.   Upon discussions with counsel in this District as well as review of Attorney's Fees awards in this District it is the opinion of this counsel that this is a reasonable rate for someone of his experience and quality in this type of matter.   Exhibits "A."

## 6.   **WHETHER THE FEE IS FIXED OR CONTINGENT, AS WELL AS THE DIFFFICULTY AND NOVELTY OF THE CASE**.

In this matter, as in the vast majority of Title III ADA cases, compensation for a plaintiff's attorney is contingent on prevailing in the litigation (or, in the alternative, obtaining a settlement) and securing an award of fees from the defendants.   Every case, no matter how strong the underlying merits, presents a risk of loss.   With this in mind, and because the figure requested by Plaintiff is based solely on hourly rates paid to Plaintiff's attorney on a current pay-as-you-go basis, an award, standing alone, does not reflect the true market value of an attorney's services, and makes such cases unattractive to the private bar.   *Fadhl v. City and County of San Francisco*, 859 F.2d 649, 651 (9th Cir. 1988).   For this reason alone, Title III ADA cases are difficult cases due to the risk of not being properly compensated for work performed, or compensated at all, a situation defense attorneys do not have to endure.

These factors are particularly relevant in this statutory contingent fee case as an additional reason why *all* of Plaintiff's attorney's work should be fully compensated.   Here, Plaintiff's attorney

maintains the full overhead for a sole practitioner's law practice based in substantial part on public interest disabled oriented litigation.

The importance of encouraging ADA Title III cases, and the recognition that ADA plaintiffs carry out important roles as private attorneys general, was underscored by former Chief Judge Thelton Henderson in *Bernard Walker and Christina Adams v. Carnival Cruise Lines, et al.,* 107 F.Supp.2d 1135, 1143 (N.D. Cal. 2000):

> There can be no question that the Americans with Disabilities Act, passed in 1990, established as law the nation's interest in eradicating the bigotry and barriers faced by individuals with disabilities. 42 U.S.C. §12101 et.seq. (hereafter "ADA"). In fact, the ADA states its first goal as being "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." See 42 U.S.C. §12101(b)(1) (1990). The ADA creates the possibility that successful plaintiffs may establish permanent changes in the design and physical configuration of structures to better accommodate the disabled. 42 U.S.C. §12101(a)(5). The benefits of such changes clearly redound not only to the plaintiffs themselves, but to similarly situated disabled persons, and the entire society at large. As a result, plaintiffs or plaintiff classes who bring suit pursuant to the ADA do so in the role of "private attorneys general" who seek to vindicate "a policy of the highest priority." See *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 417, 9 S.Ct. 694, 698 (1977). See also *Bruce v. City of Gainesville, Ga.,* 177 F.3d 949, 951 (11th Cir. 1999) (discussing ADA plaintiffs as private attorneys general); *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 170 F.3d 1, 11 (1st Cir. 1999).

As noted by Chief Judge Helton, successful ADA plaintiffs confer a tremendous benefit upon our society at large, in addition to the attainment of redress for their personal individual injuries by removing barriers to access at public facilities, thereby providing access for all persons with disabilities. Id.

Congress designed the Americans with Disabilities Act of 1990 with an attorney fees clause designed expressly for enforcement by private attorneys in order to encourage attorneys to pursue Title III ADA matters. Many persons with disabilities, the class of individuals the statutory scheme was designed to protect, subsist on extremely fixed incomes and do not have the financial resources to

pursue a claim which would require them to pay attorney's fees as they are billed on a day to day basis.   As such, Congress designed the ADA to provide a legal mechanism for civil rights enforcement for individuals who often have extremely limited resources.

Because of this continent nature of compensation, Title III ADA cases may be considered difficult to consider taking, particularly for a sole practitioner.   If a plaintiff does not obtain a judgment or settlement, a plaintiff's attorney will not be compensated for work performed.   If ADA attorneys are not compensated for work performed, the intent of Congress is undermined and few attorneys would be willing to pursue these mattes on behalf of persons with disabilities.   For this reason alone Title III litigation in general may be considered difficult.

Litigation under the Americans with Disabilities Act of 1990 can also be difficult at times due to the current state of the law, as a result of the 2001 United States Supreme Court decision of *Buckhannon Board and Care Home v. West Virginia Health and Human Resources,* 532 U.S. 598, 610, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), which has led certain defendants, nearly seventeen and one-half (17.5) years after the effective date of the ADA of January 26, 1992, to utilize, after a plaintiff files a Title III lawsuit, the plaintiff's complaint as a template for barrier removal rather than hiring their own consultant to survey their facility for barriers to access.   This often leads to a game of "jockeying for position" as defendants hurry to attempt to remediate barriers to access in order to avoid a court order effecting the same, and thus avoid paying for plaintiff's attorney's fees.

As to the underlying legal and factual difficulties and novelty of this matter, Plaintiff concedes this was a relatively straightforward Title III ADA case.   Plaintiff conducted written discovery, agreed to the use of a joint expert, and exchanged dispositive motions with Defendants.   The primary difficulties were derived from Defendants unwillingness to engage in substantive settlement discussions and apparent lack of desire to avoid extensive motion practice, thereby compelling Plaintiff to prosecute this matter to obtain relief requiring Defendants to remediate the barrier to

access at the subject facility.

In sum, in general, Title III ADA access cases are made difficult by the contingent nature of the litigation, as well as Defendants who continue with litigation in an effort to position themselves for an unmerited defense.   While this matter in particular was relatively routine, Defendants unwillingness to comply with their obligations under Federal law caused the case to last nearly one (1) year and increased the difficulty level in that regard.


7. **TIME LIMITATIONS IMPOSED BY THE CLIENT OR THE CIRCUMSTANCES**.

Defendants have admitted that it was "readily achievable" to remove all barriers to access at the subject facility from January 26, 1992, onward.   Thus, for the entire period the Defendants have been in custody and control of the facility, persons with disabilities have been denied appropriate access to the facility, per Defendants' own admissions, while the Defendants have reaped a profit from the use of the facility.


8. **THE AMOUNT OF MONEY, OR THE VALUE OF THE RIGHTS INVOLVED, AND THE RESULTS OBTAINED AND THE AMOUNT INVOLVED**.

Under the Americans with Disabilities Act of 1990, 42 U.S.C.  § 12205 provides for an award of attorney fees, litigation expenses (including expert witness fees) and costs, for obtaining injunctive relief which is the only relief available under Title III of the ADA.

Plaintiff has received an relief directing Defendants to remediate each and every barrier to access identified by the joint expert.  Doc. #49.  These improvements include major changes to the facility, such as modifications to restrooms, as well as parking and path of travel.   As is evident, Plaintiff obtained complete and total success from this litigation, as Mr. Springmeyer received every portion of the injunctive relief he requested.

The United States Congress has provided statutory fees to attorneys as an incentive to encourage attorneys to handle civil rights cases on behalf of disabled persons.  As an example, the United States Court of Appeals for the Ninth Circuit, in *Greater Los Angeles Council on Deafness, Inc., v. Zolin*, 812 F.2d 1103, 1114 (9th Cir. 1987), considered the important underlying policies protecting persons with disabilities:

> Also important to our decision is California's stated policy to achieve, in so far as possible, the "total integration of handicapped persons into the mainstream of society." (citations omitted), for example, mandates construing Section 11135 and related civil rights provisions so as not to frustrate their purpose.  Further, among the numerous handicapped rights statutes scattered throughout California Codes is an unequivocal statement that is California's policy "to encourage and enable disabled persons to participate fully in the social and economic life of the state…

Via this litigation, Plaintiff's counsel fulfilled the purpose of the ADA, bringing about important and needed barrier removal at Defendants' facility.  Disabled persons will no longer be forced to struggle with the barriers to access which exist at this establishment and will be able to utilize a restroom, which was effectively "off limits" to persons with disabilities.  Plaintiff's counsel has obtained significant and important results for both Plaintiff and the entire disabled community.  Therefore, Plaintiff's attorney is entitled to be compensated for his work as Congress intended.

To summarize, Plaintiff posits that for specialty litigation such as Title III ADA work, in which the fee is entirely contingent, a rate of three hundred fifty dollars an hour ($350.00) is both reasonable and customary.

Plaintiff is entitled to be reimbursed for out-of-pocket expenses, such as the filing fee and fees related to service of process, along with the reasonable attorney fees resulting from this matter.

## 9. THE EXPERIENCE, REPUTATUION AND ABILITY OF THE ATTORNEY(S).

**10. THE UNDESIRABILITY OF THE ACTION**.

As is discussed at length *supra*, contingent fee public interest cases are by their very nature undesirable. This is self-evident in a simple review of the number of qualified private attorneys actively taking Title II and III ADA cases in California.

Furthermore, the obvious backlash that California businesses and some of the legal community aim at all members of the bar undertaking ADA lawsuits on behalf of the disable is well known.

**11. NATURE AND LENGTH OF THE PROFESSIONAL RELATIONSHIP WITH THE CLIENT**.

Plaintiff's counsel has represented Mr. Springmeyer in three (3) other Title III ADA matters since in which important access changes have been obtained on behalf of Mr. Springmeyer and other persons with disabilities. The United States Court of Appeal for the Ninth Circuit has indicated that this is the manner in which the ADA is to be implemented.

"…[M]ost ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled…. For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1062 (9th Cir.2007) (citing Samuel R. Bagnestos, The *Perversity of Limited Civil Rights Remedies: The Case of "Abusive" ADA Litigation, 54 U.C.L.A. L.Rev. 1, 5 (2006)).* Thus, the undersigned has represented Mr. Springmeyer, in this matter, as well as three (3) other matters, in the fashion provided for by the United States Court of Appeals for the Ninth Circuit.

///

///

## 12. **AWARDS IN SIMILAR ACTIONS;**

In the matter of *Sceper v. Trucks Plus,* No. Civ. S-09-0801, 2009, U.S. Dist. LEXIS 102445 (E.D. Cal. Nov. 3, 2009) reasonable fees in an ADA matter wherein a judgment by default was obtained were granted in the amount of $12,550.00 in attorney's fees for 50.2 hours of work.

This case required considerably more work despite Plaintiff's counsel's efforts to keep costs and fees to a minimum by attempting to resolve the matter quickly by dispositive motion and avoiding the use of his own expert to drive up litigation costs.

## 13. **SUCH OTHER MATTERS AS THE COURT MAY DEEM APPROPRIATE UNDER THE CIRCUMSTANCES.**

On December 16, 2009 Plaintiff's Counsel filed a Suggestion of Death on the Record as Andrew Springmeyer had died on November 25, 2009.  Mr. Springmeyer was provided his statutory fee award by counsel on November 19, 2009 and indicated he was glad this matter was drawing to a close, unfortunately he did not see the full resolution of the matter or have a chance to visit the subject facility in order to enjoy it as the law provides.

## CONCLUSION

Plaintiff (through the effort of his counsel) has implemented important access for the disabled, and did so as efficiently as possible.  The fees requested are provided for by law and reasonable in the case at bar and counsel respectfully requests this Court grant the Motion for Attorney's Fees in its entirety.

Respectfully submitted,

Dated:        February 16, 2010               /s/ Jeffery A. Briggs

MOTION FOR ATTORNEY'S FEES PURSUANT TO FINAL JUDGMENT                           13

Jeffery A. Briggs, Attorney for
Plaintiff

## **CERTIFICATE OF MAILING**

Pursuant to FRCP 5(b)(2)(E), I hereby certify that on the 16th day of February, 2010, I electronically filed the above and foregoing document with the Clerk of the Court via the CM/ECF system which sends a notice of filing pursuant to LR5-135 to:

Jessica M. Walker    jwalker@porterscott.com, adickey@porterscott.com

Stephen E Horan    shoran@porterscott.com, adickey@porterscott.com, byarnell@porterscott.com, jwalker@porterscott.com, nbean@porterscott.com, nsherman@porterscott.com, scavanaugh@porterscott.com

David Rude  drude@crlaw.net

/s/ Jeffery A. Briggs
Jeffery A. Briggs

## EXHIBIT "A"

## DECLARATION OF PLAINTIFF'S COUNSEL

I, Jeffery A. Briggs, Esq., being first duly sworn upon oath, under penalty of perjury, declares that the foregoing assertions are true and correct, or if declarant believes such assertions are true and correct to the best his knowledge, provides that such assertions are based on information and belief:

1.     I have personal and firsthand knowledge of each fact hereinafter set forth and if called to testify could and would competently affirm the following.

2.     Plaintiff was the prevailing party in whole in the subject matter, receiving both statutory maximum award of damages, and injunctive relief greater than the complaint requested..

3.     The moving party is eligible to receive an award of attorney's fees pursuant to Civ. Code Sec. 52(a), 42 U.S.C. Sec. 12205, and the holding of *Buckhannon Bd.& Care Home, Inc. v. W. Virginia Dep't of Heath & Human Res.*, 532 U.S. 598, 604, 121 S. Ct. 1835, 149 L.E.2d 855 (2001).

4.     The information pertaining to each of the criteria set forth in subsection (c) of Rule 54-293, is fully set forth in the points and authorities attached to the motion, and is incorporated herein by this reference.

5.     There are no other matters required under the statute under which the fee award is claimed that are pertinent at this time.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 16, 2010

/s/ Jeffery A. Briggs
Jeffery A. Briggs

EXHIBIT "B"

LAW OFFICES OF JEFFERY A. BRIGGS
580 Mount Rose Street
Reno, NV 89509-3362
jeff@jabriggslaw.com


Invoice submitted to:



February 16, 2010



Professional Services

| | | | Hrs/Rate | Tax# | Amount |
|---|---|---|---|---|---|
| 1/7/2009 - | JAB | Review client notes; research information on ownership of property and operation of facility for naming defendants. | 1.00 350.00/hr | | 350.00 |
| 3/25/2009 - | JAB | Review sub rosa investigation report; research for conflict check; begin complaint. | 2.00 350.00/hr | | 700.00 |
| 4/3/2009 - | JAB | Finish investigation of ownership, construction related permits, business entities, and ownership/operator history; finalize complaint and file complaint online. | 4.43 350.00/hr | | 1,550.89 |
| 4/6/2009 - | JAB | Download additional required pleadings for service; prepare service package for staff to forward to Placer County Sheriff. | 0.81 350.00/hr | | 282.04 |
| 4/16/2009 - | JAB | Discuss status of service of process with staff; discuss pulling same from Sheriff for private service company due to extended period Sheriff states he will take to complete. | 0.30 350.00/hr | | 105.00 |
| 4/17/2009 - | JAB | Prepare fax to Placer County Sheriff; email to private process servers in jurisdiction; discuss use of private company to serve with staff to ensure timely service of complaint package. | 0.50 350.00/hr | | 175.00 |
| 4/23/2009 - | JAB | Discuss new service with staff; prepare letter of instruction for faxing of documents to same. | 0.35 350.00/hr | | 120.75 |
| 4/30/2009 - | JAB | Review proof of service; telephone call to process server for proper proof of service for filing with court to ensure service is complete. | 0.46 350.00/hr | | 161.00 |
| 5/1/2009 - | JAB | Telephone call from defendant; memo to file; telephone call to defendant regarding his request; memo to file; review faxed proof of service; review email from possible opposing | 1.35 350.00/hr | | 471.33 |

Page    2

| | | | Hrs/Rate | Tax# | Amount |
|---|---|---|---|---|---|
| | | counsel; email to possible opposing counsel requesting confirmation of representation. | | | |
| 5/6/2009 - | JAB | Review email from possible opposing counsel and email to possible opposing counsel; research opposing counsel regarding types of law practiced, etc. | 0.89 350.00/hr | | 312.76 |
| 5/7/2009 - | JAB | Telephone call to defendant (lft msg); research default date; telephone call from defendant with offer of $5,000.00; telephone call to defendant regarding copy of lease. | 0.54 350.00/hr | | 190.07 |
| 5/8/2009 - | JAB | Telephone call to defendant regarding lack of documentation to discuss settlement pursuant to his claims; research defendant (operator of facility) online. | 0.64 350.00/hr | | 224.00 |
| 5/11/2009 - | JAB | Review completed proper service of process; file with other certificate of service. | 0.29 350.00/hr | | 102.96 |
| 5/12/2009 - | JAB | Telephone call with representative for defendant (compliance investigation services) regarding matter. | 0.78 350.00/hr | | 273.39 |
| 5/13/2009 - | JAB | Review answer and related filings by defendant; memo to file regarding next action; calendar ticklers. | 0.80 350.00/hr | | 279.03 |
| 5/14/2009 - | JAB | Prepare motion for judgment on the pleadings. | 3.37 350.00/hr | | 1,180.76 |
| 5/15/2009 - | JAB | Telephone call from process server regarding overnight package for proof of service on all defendants. | 0.21 350.00/hr | | 72.92 |
| 5/18/2009 - | JAB | Efile proofs of service; prepare request for clerk's default for property owners; efile Request for Clerk's Default; | 0.78 350.00/hr | | 273.29 |
| 5/19/2009 - | JAB | Review clerk's default of property owners; finalize motion for judgment on the pleadings and efile; calendar hearing date and time. | 1.81 350.00/hr | | 635.15 |
| 5/29/2009 - | JAB | Prepare proposed order granting judgment on the pleadings; prepare proposed orders granting default judgment against property owners. | 2.04 350.00/hr | | 712.64 |
| 6/3/2009 - | JAB | Convey offer to settle to non-appearing counsel (Porter Scott); telephone call from defendant; telephone call to non-appearing counsel to confirm representation or not (lft msg); telephone call with attorney at Porter Scott regarding representation and request for lower offer to settle; prepare outline of fees, costs, and statutory damage award. | 0.90 350.00/hr | | 313.54 |
| 6/9/2009 - | JAB | Review ex parte pleadings. | 1.00 350.00/hr | | 350.00 |

Page    3

| | | | Hrs/Rate | Tax# | Amount |
|---|---|---|---|---|---|
| 6/11/2009 - | JAB | Review pleadings filed online; research answers, pro per defendants, etc. for points and authorities for reply brief; review decision of CA Supreme Court in Munson v. Del Taco - memo to file with implications on case. | 2.77 350.00/hr | | 968.14 |
| 6/19/2009 - | JAB | Review message from opposing counsel; telephone call to opposing counsel regarding efiling and service (lft msg). | 0.14 350.00/hr | | 50.07 |
| 6/22/2009 - | JAB | Review opposition; research for reply brief; review motion to amend answer; research for reply brief; begin reply to opposition to motion for judgment on the pleadings. | 4.05 350.00/hr | | 1,418.08 |
| 6/23/2009 - | JAB | Prepare reply brief. | 1.94 350.00/hr | | 679.10 |
| 6/29/2009 - | JAB | Review email from counsel for property owners; research matters raised in email; telephone call to counsel agreeing to his request to enter into a stipulation to set aside defaults. | 1.58 350.00/hr | | 551.74 |
| - | JAB | Prepare declaration in support of reply brief; block calendar and make travel arrangments for hearing; review joint status report proposed by opposing counsel and offer changes via fax (x2); telephone call with opposing counsel regarding same. | 2.96 350.00/hr | | 1,035.90 |
| 6/30/2009 - | JAB | Prepare outline of issues, points and authorities for oral argument; research history of defendant; research courts (this departments) previous ADA decisions. | 4.56 350.00/hr | | 1,597.36 |
| 7/1/2009 - | JAB | Email to counse for property owners; review decisions by trial court judge on ADA matters; confirm matter still on calendar; finalize travel arrangements for hearing; review email from counsel for property owners with pleadings attached; confirm same is acceptable with counsel. | 3.50 350.00/hr | | 1,225.00 |
| 7/2/2009 - | JAB | Prepare pleadings, supporting authority and notes for oral arguments; email with counsel for property owners; email from same; telephone call to court clerk to confirm matter still on calendar for Monday; review order online; review email from opposing counsel; review minute order from court online; calendar new dates for hearing, pretrial, and related dates; research cases involving judge Burell on ADA matters; research cases involving judge Drozd on ADA matters; research for opposition to motion to amend in light of pending motion for judgment on the pleadings. | 5.68 350.00/hr | | 1,987.42 |
| 7/14/2009 - | JAB | Review pleadings filed by appearing defendants (property owners) review cross claim against other defendant for indemnity; review email from counsel; review JSR; amend same and forward to opposing counsel. | 1.73 350.00/hr | | 605.31 |
| 7/16/2009 - | JAB | Prepare confidential settlement proposal letter to accompany discovery; begin drafting discovery. | 1.33 350.00/hr | | 466.67 |

Page    4

| | | | Hrs/Rate | Tax# | Amount |
|---|---|---|---|---|---|
| 7/20/2009 - | JAB | Finalize RFPDs and IRROGs and sign; forward to both counsel. | 0.40<br>350.00/hr | | 138.83 |
| 7/21/2009 - | JAB | Research for and prepare opposition. | 5.04<br>350.00/hr | | 1,763.51 |
| 7/22/2009 - | JAB | Correspondence to opposing counsel; telephone call with investigator who performed sub rosa regarding impressions of site and costs to correct, timeline for same, possible additional barriers. | 2.94<br>350.00/hr | | 1,028.32 |
| 7/23/2009 - | JAB | Telephone call to opposing counsel (lft msg); telephone call with opposing counsel regarding offer (tenative) to settle for $10,000.00; telephone call with opposing counsel regarding site inspection and their inspection report, they will not stipulate to extension to file opposition; prepare ex parte motion for extension to file opposition, declaration and proposed order; telephone call with client. | 2.78<br>350.00/hr | | 972.13 |
| 7/24/2009 - | JAB | Amend opposition to limit to 5 pages; check online for decision on ex parte motion; file proposed opposition. | 3.09<br>350.00/hr | | 1,080.04 |
| 7/27/2009 - | JAB | Telephone call to counsel for property owners; telephone call to counsel for Raj (lft msg); begin confidential settlement proposal; telephone call to cousenl for Raj (partner - lft msg). | 0.99<br>350.00/hr | | 345.92 |
| 8/12/2009 - | JAB | Review order from court; research motion for reconsideration under local rules and federal rules (timelines, format, etc.); prepare discovery for property owners. | 3.10<br>350.00/hr | | 1,084.32 |
| 8/13/2009 - | JAB | Prepare request for reconsideration. | 2.12<br>350.00/hr | | 740.54 |
| 8/17/2009 - | JAB | Research for motion for reconsideration for supporting points and authorites; amend motion. | 2.19<br>350.00/hr | | 766.11 |
| 8/20/2009 - | JAB | Review message from counsel for property owner; research options including a motion for summary judgment if the readily acheivable defense is waived; telephone call with counsel for business owner, discussed expert reports, site inspection, rejection of tender of defense from owner; telephone call to counsel for property owner regarding same (lft msg); review case law from 9th Cir. providing verbal notification of non-compliance is enought to place on notice. | 1.69<br>350.00/hr | | 592.28 |
| 8/21/2009 - | JAB | Prepare discovery for Manjiv Raj (Irrogs, Admissions, RFPDs); file requestion for reconsideration. | 4.19<br>350.00/hr | | 1,466.50 |
| 8/24/2009 - | JAB | Review answers to discovery from counsel for property owner; consider options regarding waiver of defense of not readlily acheivable; discuss with client. | 1.38<br>350.00/hr | | 483.88 |

Page      5

|  |  |  | Hrs/Rate | Tax# | Amount |
|---|---|---|---|---|---|
| 9/8/2009 - | JAB | Finalize discovery to defendant Ray Manjiv based upon his experts report, his answer, the amended answer and the responses of other defendants to discovery; email to opposing counsel regarding upcoming site inspection and need for information from her in order to take it off calendar. | 1.85 350.00/hr |  | 646.63 |
| 9/9/2009 - | JAB | Review email from expert; email to opposing counsel regarding need to have CV, declaration and stiopulation on expert report by tomorrow morning; work on motion for summary judgment. | 0.91 350.00/hr |  | 318.40 |
| 9/10/2009 - | JAB | Email to opposing counsel; review declaration and stipulation from opposing counsel; prepare list of proposed changes and impact on declaration; email to opposing counsel with proposed changes. | 1.86 350.00/hr |  | 652.56 |
| 9/15/2009 - | JAB | Prepare reply brief; email to opposing counsel regarding possible resolution of injunctive relief claims; prepare confidential settlement proposal; telephone call with client. | 2.00 350.00/hr |  | 699.61 |
| 9/17/2009 - | JAB | Include additional requests in discovery; fax to opposing counsel regarding lack of communication on several matters delaying possibility of settlement (requiring further discovery). | 0.74 350.00/hr |  | 259.19 |
| 9/18/2009 - | JAB | Review email from opposing counsel; email to opposing counsel; telephone call to counsel for owner (lft msg); amend confidential settlement proposal; telephone call with counsel for owner; research authority to demand attorney's billings and costs prior to formal hearing on same. | 3.22 350.00/hr |  | 1,126.90 |
| 9/22/2009 - | JAB | Finalize reply brief; email to opposing counsel regarding lack of CV for expert and lack of signed Stipulation; review order of court on motion without filing of reply. | 0.57 350.00/hr |  | 198.92 |
| 9/23/2009 - | JAB | Review email from opposing counsel's office; review telephone message from opposing counsel's office; email to counsel for property owner. | 0.37 350.00/hr |  | 128.72 |
| 9/24/2009 - | JAB | Prepare Joint Status Report; email to opposing counsel; prepare for status conference before Judge Burell; telephone call to client with status and plan for moving forward. | 3.35 350.00/hr |  | 1,172.79 |
| 10/5/2009 - | JAB | Telephone call with counsel for business owner regarding offer of judgment language changes, discussed stipulation for entry into settlement conference with majistrate judge vs additional motion practice; memo to file regarding same; also discussed need for outstanding discovery. | 0.19 350.00/hr |  | 67.08 |
| 10/6/2009 - | JAB | Review Offer of Judgment with amendments including settlement conference. | 0.26 350.00/hr |  | 90.22 |

Page    6

| | | | Hrs/Rate | Tax# | Amount |
|---|---|---|---|---|---|
| 10/7/2009 - | JAB | Review second and third offers of judgment with changes; discuss final offer with client and consequenses of acceptance; review rule regarding acceptance of offer; research magistrate judge's rulings. | 1.49 350.00/hr | | 522.28 |
| 10/9/2009 - | JAB | Prepare acceptance of offer of judgment; pull requirements for settlement conference before magistrate judge; begin outline of argument for settlement conference. | 1.76 350.00/hr | | 614.54 |
| - | JAB | Review email from opposing counsel regarding lack of magistrate judge for settlement conference; memo regarding revision to offer of judgment; review rules for VDRP and possible timelines and lack of cost to parties. | 0.44 350.00/hr | | 154.39 |
| 10/15/2009 - | JAB | Review email from opposing counsel; review VDRP rule and research pertinent caselaw online for exclusion of ADA cases from settlement conferences or VDRP; telephone call to VDRP coordinator (lft msg); telephone call from same regarding ADA is in program and many cases are pending; telephone call from same (Linda) regarding this matter will not be referred by this judge at this time; review email from opposing counsel with amended offer of judgment; telephone call to client regarding same. | 6.10 350.00/hr | | 2,135.00 |
| 10/23/2009 - | JAB | Begin motion for attorney's fees and costs as prevailing party; confirm discovery responses overdue and requests for admissions are deemed admitted by rule. | 2.00 350.00/hr | | 700.00 |
| 10/26/2009 - | JAB | Review answers to discovery requests (admissions, requests for production, and interrogatories). | 1.39 350.00/hr | | 486.60 |
| 10/27/2009 - | JAB | Review financial reports and notice from CPA that they would not stand behind them; review authorities provided by CPA for their approval of proper reports; prepare and forward written acceptance of offer of judgment; draft motion for fees and costs. | 2.15 350.00/hr | | 752.69 |
| 11/4/2009 - | JAB | Review Notice of Settlement; review local rule and email opposing counsel regarding need to have a proper Notice filed; prepare demand letter to counsel prior to filing of motion for fees and costs. | 2.10 350.00/hr | | 734.22 |
| 11/19/2009 - | JAB | Meet with client to provide damages check and sign receipt therefore, discussed status of this matter and demand or motion for fees and costs. | 0.58 350.00/hr | | 204.17 |
| 12/8/2009 - | JAB | Telephone call with court clerk regarding lack of "Judgment in a Civil Case."  Clerk will forward it to proper desk to have judgment entered per Fed. Rule Civ. P. 68. | 0.17 350.00/hr | | 61.06 |
| 12/15/2009 - | JAB | Prepare Suggestion of Death (following meeting with widow Alishia yesterday) of Andy. | 0.58 350.00/hr | | 204.07 |

Page    7

|  | Hours | Amount |
|---|---|---|
| For professional services rendered | 119.48 | $41,813.73 |

Additional Charges :

|  | Qty/Price | Tax# |
|---|---|---|
| 7/1/2009 -   COS   Fairfield Inn accomodations for motion hearing 07/06/09. | 1 63.35 | 63.35 |

| Total costs | $63.35 |
|---|---|