IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW SPRIGMEYER,

Plaintiff,

v.

RAJ MANJIV, an individual, WONG NGON FON TRUSTEE, et aL., WONG NGON FON 1997 FAMILY LTD. PARTNERSHIP,

Defendants.

2:09-cv-00924-GEB-DAD

ORDER

On July 2, 2010, Cross-Defendant Manjiv Raj ("Raj")[1] filed a Pre-Trial Statement, in which Raj indicates even though "[t]he docket reflects that this case terminated on November 12, 2009," the Cross-Claimants' state cross-claim for indemnity is still pending against Cross-Defendant Raj. The Clerk's Office closed the case on November 12, 2009 after an offer of judgment was accepted, which had been issued under Federal Rule of Civil Procedure ("Rule") 68.

Plaintiff commenced this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. The court's exercise of jurisdiction over this action is proper under 42 U.S.C. § 12117(a) (providing for original jurisdiction in the federal district

[1] This defendant states he is erroneously sued in this action as Raj Manjiv.

courts) and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims).

Raj filed a Notice of Acceptance of the Offer of Judgment on November 9, 2009, in which he notified the Court that Plaintiff accepted Defendants' Rule 68 Offer of Judgment. (Docket No. 49.) The Clerk of Court entered judgment pursuant to Rule 68, which prescribes in pertinent part: after a "notice of acceptance" of offer of judgment is filed, "[t]he clerk must then enter judgment." Following the clerk's entry of judgment pursuant to Rule 68, this action was closed. However, since all claims had not been resolved by the acceptance of the Rule 68 offer of judgment, the action should not have been closed.

The Court examines what is pending in this action for the purpose of determining whether the action should be reopened. A term of the Offer of Judgment obligated Raj to "perform all of the ADA remedial work specified in the report from Human Adaptation LLC, dated May 20, 2009," "to satisfy Plaintiff's prayer for injunctive relief." (Id., 6:10-12.) Pursuant to the Offer of Judgment, Raj had one year from the date of acceptance of the offer "within which to perform all the work necessary to correct the alleged ADA violations set forth in said report." (Id., 6:12-15.) The Offer of Judgment further stated, "[j]urisdiction shall remain in the [district court] to oversee completion of the injunctive relief and to determine Plaintiff's reasonable and necessary attorney's fees and costs." (Id., 6:23-25.) However, the settling parties had no authority to make their "private settlement agreement enforceable by a district court as an order of the court" without the express agreement of the district court. <u>Smyth ex rel. Smyth v. Rivero</u>, 282 F.3d 268, 280 (4th Cir. 2002); <u>Arata v. Nu Skin Int'l, Inc.</u>, 96 F.3d 1265, 1269 (9th Cir. 1996) (stating "the mere

fact that the parties agree that the court should exercise continuing jurisdiction is not binding on the court.”).

Plaintiff’s counsel subsequently filed a “Suggestion of Death Upon the Record” on December 15, 2009, in which he gave notice of Plaintiff’s “death . . . during the pendency of this action.” (Docket No. 51.) Plaintiff’s counsel also stipulated to withdraw his motion for attorneys fees as untimely and therefore moot. (Docket No. 54.)

The only pending claim is the Cross-Claimants’ state cross-claim for indemnity against Cross-Defendant Raj. The court may sua sponte decide whether to continue exercising supplemental jurisdiction over this state cross-claim. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997)(en banc)(suggesting that a district court may, but need not, sua sponte decide whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) once all federal law claims have been dismissed).

Under 28 U.S.C. § 1367(c)(3), a district court “may decline to exercise supplemental jurisdiction over a [state] claim” following dismissal of “all claims over which it has original jurisdiction....” This principle also applies here, since the Rule 68 judgment settled Plaintiff’s ADA claim. The decision whether to decline exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) should be informed by the values of economy, convenience, fairness and comity as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1996). “The Supreme Court has stated, and [the Ninth Circuit has] often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.” See Acri, 114 F.3d at 1001 (quotations and

citation omitted)); Curiel v. Barclays Capital Real Estate Inc., No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010)(stating "primary responsibility for developing and applying state law rests with the state courts" and declining to exercise supplemental jurisdiction after dismissal of the federal claims).

Here, judicial economy is not promoted by continuing to exercise supplemental jurisdiction over the cross-claim since that claim has not been considered by the Court in a motion or otherwise. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. Cir. 1986) (stating that "[t]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction"); Meza v. Matrix Serv., No. CIV. 2:09-3106 WBS JFM, 2010 WL 366623, at *4 (E.D. Cal. Jan. 26, 2010) (stating since "[t]he court has not decided any substantive motions in this case and has had only minimal involvement in the matter thus far[,] [t]here is no prevailing reason for this court to maintain jurisdiction to preserve judicial economy.").

The convenience factor also weighs against exercising supplemental jurisdiction since the state court is located in close proximity to this federal court. See Meza, 2010 WL 366623, at *4 (finding that convenience weighed against the exercise of supplemental jurisdiction where "the state and federal fora are located in Sacramento, only blocks from one another, making both equally convenience for the parties.").

Lastly, the parties to the cross-claim have not shown that fairness weighs in favor of retaining supplemental jurisdiction; they have not indicated in any filing that the cross-claim is ready to be tried, or that it should be tried in federal, rather than state, court. Therefore, the court declines to continue exercising supplemental

jurisdiction over the remaining cross-claim, and that claim is dismissed under 28 U.S.C. § 1367(c)(3) without prejudice. This action is closed.

Dated: July 8, 2010

GARLAND E. BURRELL, JR.
United States District Judge